IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARGOS PORTS (HOUSTON) LLC | CIVIL ACTION NO.: |
| versus | SECTION: |
| KIRBY INLAND MARINE, LP and GREENS BAYOU FLEETING, LLC | JUDGE: |
| | MAGISTRATE JUDGE: |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Argos Ports (Houston) LLC, which submits this Complaint and avers as follows:

### I.

This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article 3, Section 2 of the United States Constitution; 28 U.S.C. §1333; and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

### II.

Made plaintiff herein is **Argos Ports (Houston) LLC** (formerly known as South Central Cement Ltd., "Argos"), which at all times relevant hereto, was, and now is, a limited liability company organized and existing pursuant to the laws of the State of Texas. All of the members of Argos are domiciled in the State of Georgia.

### III.

Made defendants herein are:

1. **Kirby Inland Marine, LP**, a limited partnership organized under the laws of the State of Delaware with its principal place of business located in Houston, Texas; and

2. **Greens Bayou Fleeting, LLC**, a limited liability company organized under the laws of the State of Texas, with its sole member being Kirby Inland Marine, LP, which is a citizen of the State of Georgia.

**IV.**

At all times pertinent, Argos is and was the owner of the terminal located at 14053 Industrial Road, Houston, Texas, 77016, which is located along the Greens Bayou channel, a navigable waterway in Houston, Texas, and which was built and maintained in compliance with all state and federal regulations (the "Houston Terminal").

**V.**

Located at the Houston Terminal was a wooden dock measuring approximately 1,000 feet in length, a wooden bulkhead measuring approximately 1,000 feet in length, multiple buildings, and a plethora of equipment and supplies.

**VI.**

Defendants Kirby Inland Marine, LP, and/or Greens Bayou Fleeting, LLC (collectively, the "Defendants") are and were the owners and/or operators of a barge-fleeting facility located on the opposite bank from the Houston Terminal, along the Greens Bayou channel (the "Kirby Terminal").

**VII.**

On or about August 25, 2017, Hurricane Harvey made landfall in eastern Texas as a Category 4 hurricane, with winds topping out at 130 miles per hour. Prior to landfall, it was well-known that, according to the National Hurricane Center, Hurricane Harvey was expected to cause "life-threatening and devastating flooding" and bring ashore hurricane-force winds.

**VIII.**

Prior to Hurricane Harvey's landfall, approximately seventy-one (71) barges were

moored, faced up to one another, via two-inch blue nylon rope, at the Kirby Terminal. Under the law, the Defendants were obligated to maintain their fleet in a safe and reasonable manner, such that the barges were safely moored in anticipation of the hurricane and its aftermath.

## IX.

During the passage of Hurricane Harvey over Houston, Texas, some or all of the seventy-one (71) barges broke free from their moorings, striking the dock, bulkhead, and land at the Houston Terminal, causing the destruction of both the dock and the bulkhead, as well as other damages to be proven at trial.

## X.

In addition, after breaking free from their moorings, certain barges sunk into the Greens Bayou channel and piled up on top of each other in the channel at the location of the Houston Terminal, thereby causing a damming effect on the Greens Bayou channel. This damming effect from the sunken barges caused increased water levels resulting in additional destruction to the dock and bulkhead, land erosion, flooding of buildings at the Houston Terminal, damage to the equipment and supplies located at the Houston Terminal, and other damages to be proven at trial.

## XI.

The breakaway and allisions described herein and all loss, damage, and injury resulting therefrom was in no way caused or contributed to by any fault, neglect, or want of care on the part of Argos, or on the part of anyone for whose conduct Argos is responsible; but, was a result of and caused solely by the fault, neglect, and want of care on the part of the herein named Defendants. Defendants had ample time and opportunity to secure the barges in anticipation of the severe rain and hurricane-force winds from Hurricane Harvey and its aftermath, which would certainly cause a strain on the lines used to secure the barges requiring special precautions to be

taken in anticipation thereof.

## XII.

The Defendants knew or should have known several days in advance that Hurricane Harvey would be impacting eastern Texas, and therefore had ample time to secure the seventy-one (71) barges in anticipation of receiving hurricane-force winds and severe rain. The Defendants were negligent in the following respects:

1. Failing to exercise reasonable care in providing a safe berth for the barges;

2. Failing to properly secure the barges;

3. Failing to ensure that all of the barges in each tier of the fleet were properly secured;

4. Failing to ensure that the mooring lines were adequately secured for the wind and wave conditions brought on by Hurricane Harvey;

5. Failing to follow industry protocol for the securing of barges during a hurricane;

6. Failing to follow industry custom for the securing of barges during a hurricane;

7. Failing to follow either Defendant's and/or any standard heavy weather plan for securing barges during a hurricane;

8. Allowing the barges to allide with the Houston Terminal; and

9. Other negligent acts or omissions to be proven at trial.

All of the foregoing were proximate causes of the barges breaking free and alliding with the Houston Terminal, thereby causing the damages referenced above.

## XIII.

Argos specifically pleads that under maritime law the Defendants are presumed to be at fault due to the drifting vessels from the Kirby Terminal striking the fixed objects at the Houston

Terminal.

## XIV.

Argos is also entitled to the presumption under maritime law that a vessel which breaks free from its mooring is presumed to be at fault.

## XV.

Argos specifically pleads that the Defendants are negligent per se for violating certain statutory and regulatory provisions of maritime law.

## XVI.

All acts of negligence by the Defendants were caused by negligent acts that were within the privity and knowledge of the Defendants' managerial personnel and/or shore-side personnel, such that the Defendants are not entitled to limitation under maritime law.

## XVII.

Finally, the Defendants failed to take reasonable measures and precautions to secure the barges, and as a result, the damages claimed herein were caused by the Defendants' sole negligence, thereby rendering any "Act of God" defense ineffective or inapplicable.

## XVIII.

Argos is entitled to recover from the Defendants the following elements of damages, among others, that will be shown at the trial of this matter:

1. Physical damage to immovable and movable property, including, but not limited to, repair costs, costs of repairing erosion issues, cost to dredge sediment buildup, depreciation, destruction of equipment and supplies, and other damages to be shown at trial;

2. The costs of restoring the property to the pre-Hurricane Harvey condition, including, but not limited to, the costs to repair the dock and bulkhead;

3. Lost income.

4. All other damages to be proven at trial.

WHEREFORE, Plaintiff Argos Ports (Houston) LLC prays that the Defendants Kirby Inland Marine, LP, and Greens Bayou Fleeting, LLC, be duly cited to appear and answer this Complaint and, after the legal delays and due proceedings had, that there be judgment herein in favor of Argos Ports (Houston) LLC, in an amount to be fixed by the Court, and to fully compensate Argos Ports (Houston) LLC for the damages sustained, together with prejudgment interest thereon from the date of occurrence and all costs of these proceedings.

Dated: February 5, 2018

Respectfully submitted,

/s/ Jefferson R. Tillery  _____
JEFFERSON R. TILLERY
Attorney-in-Charge
Southern District of Texas Bar No. 295817
MARC C. HEBERT
Southern District of Texas Bar No. 575265
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8616
Facsimile: (504) 582-8015
jtillery@joneswalker.com
mhebert@joneswalker.com

-and-

JUSTIN J. MAROCCO (*pro hac vice*)
Jones Walker LLP
8555 United Plaza Boulevard, 5th Floor
Baton Rouge, Louisiana 70809-7000
Telephone: (225) 248-2415
Telecopier: (225) 248-3115
jmarocco@joneswalker.com

*Attorneys for Plaintiff Argos Ports (Houston) LLC*